JEAN BOZANT v. GEORGE WASHINGTON CAMPBELL and another.

The Council of the Second Municipality of New Orleans, having authority to alter, or repeal the twelfth section of the ordinance of the City Council of the 18 March, 1817, prohibiting the establishment of any private hospital, or house for the reception of the sick, within the city, or its incorporated suburbs, may, without repealing that ordinance, grant permission to one or more individuals to erect a hospital within the limits of the city. Such a permission will be considered as a modification of the ordinance.

The legislature of this State, unlike the Congress of the United States which can do nothing which the Federal constitution does not authorize, may exercise any power not prohibited by the State constitution.

APPEAL from the Parish Court of New Orleans, *Maurian, J.*

*H. H.* and *G. Strawbridge*, for the appellant.

*Josephs* and *Robinson*, for the defendants.

MARTIN, J. Among the powers originally granted to the Mayor and City Council of New Orleans by the legislature of the State, was that of passing all by-laws and ordinances necessary to maintain the cleanliness and salubrity of the city. In consequence of this, an ordinance was enacted prohibiting the establishment or keeping of any private hospital, or house for the reception of the sick, within the city, or its suburbs, and imposing a fine on offenders. By the several laws for the division of the city into three municipalities, all the powers which were theretofore vested in the corporation were granted to each of the three municipalities; and it was declared that the former laws of the corporation should continue in force within each of

the municipalities, until they were repealed, or amended by the council of these municipalities respectively.

The plaintiff showing that, in violation or ignorance of the ordinance aforesaid, the defendants established a private hospital or infirmary on Circus street, within the limits of the Second Municipality, prayed that they might be condemned to remove the said private hospital, or to discontinue the use of the building, in which they keep it, as an infirmary, or establishment for the reception of the sick, and pay him damages.

The defendants pleaded the general issue, but admitted that they did, and continue to receive sick persons, in the building in Circus street, with permission of the Council of the Second Municipality. In a supplemental and amended answer, they added, that their private hospital or infirmary, which is sought to be removed or discontinued, existed before the inception of the present suit, and continues to exist by virtue of an ordinance of the Council of the Second Municipality. There was judgment for the defendants, and the plaintiff appealed. The evidence shows that before the inception of the present suit, the Council of the Second Municipality had passed an ordinance authorizing the defendants to continue their private hospital or infirmary in Circus street, reserving to the mayor, recorder and aldermen, the right of visiting it at all times, and to the Council that of revoking the permission whenever it shall deem proper.

The testimony shows that the hospital is kept perfectly clean, and in such order that no inconvenience results therefrom to the neighborhood.

The plaintiff's counsel has contended that the Council of the Second Municipality had not the right of repealing the original ordinance of the city, by granting to the defendants permission to violate it. This argument assumes that the Council might have formally repealed the ordinance. This is no great concession ; for the act of the legislature expressly authorizes the municipalities respectively to repeal, revise, or amend the city ordinances theretofore passed. The permission granted to the defendants was, in our opinion, justly considered by the judge *a quo*, as a modification of an ordinance which the Council might repeal. It may, perhaps, be improvident, to grant permissions to

one or more individuals to do acts which may not legitimately be done by others; but the conduct of those who make laws granting such permissions, cannot be inquired into, or controlled by the judiciary. If it could, nothing in the present case would lead us to the conclusion that the Council did not prudently exercise a legitimate power; much less that the plaintiff was injured by the defendants' availing themselves of the permission they had obtained.

After this opinion was thus far prepared, the plaintiff's counsel favored us with a printed brief, in which he labors to establish the unconstitutionality of the permission, obtained by the defendants from the Council of the Second Municipality, with the assent of the Mayor.

His argument assumes the proposition that neither the legislature, nor its creature, the City Council, have authority to suspend the operation of a general law in favor of or against an individual—an authority which the gentleman denies *even* to the Congress of the United States. It is useless to inquire into the powers of Congress in this respect ; for those of the State legislature exceed, in many cases those of Congress, that body having no power to do any thing which the federal constitution does not authorize, while the State legislatures may do whatever is not prohibited by their respective constitutions. The legislature of Louisiana has considered that it had the power to discharge insolvent debtors from imprisonment (*Simonton's case.* Acts of Assembly, 1812, p. 16); to authorize an uncle to marry his own niece, thus excepting this couple from the provisions of the Civil Code, art. 97. Acts of Assembly of 1822, p. 82. Frequent exemptions were granted to private individuals, or corporations, from the general law prohibiting lotteries. Acts of Assembly, 1828, pp. 90, 20, 64, 174. A widow was relieved from incapacities to her being named tutrix. Acts of 1832, p. 166. Wives have been exempted from the general laws prohibiting them from being sureties for their husbands (Acts of 1844, p. 25), and minors from the incapacities of non-age. The charters of several of our Banks protect them against delays to which individual mortgage creditors are bound to submit, in cases of insolvency and death. There are also legislative exceptions to

the repeal of the law of adoption. Acts of 1844, p. 104. Acts of 1837, p. 62 and 21. Government is not instituted to attend to the concerns of the community alone, but to those of individuals also. "Hujus studii (juris) duæ sunt positiones, publicum et puratum. Publicum jus est quod ad statum rei Romanæ spectat. Privatum quod ad singulorum utilitatem." Inst. I. 1., § 4. "Plané in his (constitutionibus), quædam sunt personales, quæ nec ad exemplum trahuntur, [quoniam non hoc princeps vult]. Nam quod alicni ob meritum indulsit, vel si quam pœnam irrogavit, vel si cui sine exemplo subvenit, personam non transgreditur. Aliæ autem, quum generales sint, omnes proculdubio tenent." Ib. I. II., § 6.

The best attention which we have been able to give to the printed argument in this case, has not changed the impression under which the oral had left us.

*Judgment affirmed.*