John Hunsicker et al. *v.* William Briscoe et al.

The Legislature may constitutionally delegate to Police Juries authority to pass all such ordinances as they may deem necessary relative to roads and levees.

The Police Jury may, in order to avoid the expense of expropriation of property, authorize the owners of the soil over which the road passes, to keep up gates by which the right of way may be secured to the public with the least injury to the owner.

APPEAL from the District Court of Tensas, *Farrar*, J.

    *A. Snyder*, *Reeves*, *Briscoe* and *Alexander*, for plaintiffs and appellants. *T. P. Farrar*, *H. B. Shaw* and *F. Walton*, for defendants.

Merrick, C. J. This suit is brought to recover damages on account of, and to abate as nuisances, certain gates across a road in the parish of Tensas.

The point of law raised for our decision by the appeal is thus stated by the appellants, viz:

"The main question for the consideration of this court is, the power of the Police Jury of the parish of Tensas to authorize the erection of gates or other obstructions across the public highways, for if such power is vested in the parochial authorities legally, this cause is at once disposed of in favor of the defendants; for we admit that the defendants erected the obstructions complained of under the sanction and by the authority of the Police Jury."

The argument of the appellants is, that "All legislative power under the Constitution of this State, is vested in the Senate and House of Representatives, and they have no power to delegate their authority to another body, for, if the proposition be admitted that the Legislature can delegate a part of its power, the same proposition would hold good as to all powers conferred by the Constitution. Police Juries are subordinate to the will of the Legislature, and whenever they are sustained in the exercise of legislative privileges, they become co-ordinate departments of the government, and cease to be subordinate."

The third Article of the Constitution is in these words: "The legislative power of the State shall be vested in two distinct branches, the one styled the 'House of Representatives,' the other the 'Senate,' and both together the General Assembly of the State of Louisiana."

We do not understand by this Article of the Constitution that the General Assembly is required to legislate upon all subjects, whether of a general or local nature, and that it has no power to delegate any legislative authority to municipal and parochial authorities and other inferior jurisdictions.

We think it was intended merely to define in what bodies the supreme legislative power should be vested. It was not intended as a restriction upon the sovereignty of these bodies. The Article is but a sequence of Article one, which declares that "The powers of the government of the State of Louisiana shall be divided into three distinct departments, and each of them to be confided to a separate body of magistracy, to wit: those which are legislative to one; those which are executive to another, and those which are judicial to another."

The State of Louisiana being sovereign, it must follow that the General Assembly, in all that concerns the law giving power, is supreme, except in those particulars in which it is expressly restrained by the Constitution. 9 Rob. 411; 11 An. 370. There is no express restriction on the power of the Legislature,

22

prohibiting it from conferring such a part of its power upon the Mayors and Aldermen of towns and the Police Juries of the parishes, as may be suited to their immediate wants. On the contrary, the Constitution recognizes these subdivisions of the State, and it is to be presumed that it was the intention of the framers of that instrument to adopt with it the construction which had been placed by every department of the State government upon the like provision in the two former Constitutions. 3 Martin's Dig. 290 ; 2 Moreau, 240 ; Bullard & Curry, 640; C. C. 420; 7 N. S. p. 5.

The Act of 1855 conferred upon the Police Juries of all the parishes of the State, authority to pass all such ordinances as they may deem necessary relative to roads and levees. Acts 1855, p. 394.

This is a subject upon which the local authorities are much more competent to legislate than the General Assembly, inasmuch as they are easily convened and can readily adopt such regulations and changes as the immediate wants of the neighborhood or parish at large may require. We think the Legislature had the power to confer this authority upon the Police Juries.

As the Police Juries have power to make roads, we see no reason why this power conferred is not complete, and why the Police Jury may not, in order to avoid the expenses of the expropriation of property, authorize the owners of the soil over which the road passes, to keep up certain gates, as was done in the case before us, thus securing the right of way for the public, with the least injury to the owner. The Police Jury had the power to abandon the road altogether, as well as to open it; and if they have determined that the public shall not exercise the right of way, except as subject to the gates of owners, they have only refrained from exercising all the power with which they are invested.

Any gate which the Police Jury have authorized to be placed upon the road, is not an obstruction prohibited by the Statute of 1818, sec. 10 ; see Rev. Stat. p. 507, sec. 138. The Statute is intended to prevent obstructions to roads after they have been laid out and constructed as directed by the Police Jury. What they have sanctioned as pertaining to the road forms a part of the same.

The judgment of the lower court is, therefore, affirmed, with costs.