L. A. Goudeau, of Lake Charles, for appellant. Denegre & Blair, of New Orleans, and Pujo, Moss & Williamson, of Lake Charles, for appellee.

PROVOSTY, J. This may be said to be a companion case to that of Mrs. Annette Harrison v. Same Defendant (No. 18,910) 61 South. 782,[1] this day decided. In the present suit Mrs. Harrison sues as tutrix of her children in damages for the death of her husband, father of her children, who was run over and killed by one of the trains of the defendant company. In the other suit (No. 18,910) she sued in her own behalf.

For the reasons assigned in that suit:

It is ordered, adjudged, and decreed that the judgment appealed from be set aside, and that this suit be dismissed at plaintiff's costs in both courts.

On Rehearing.

SOMMERVILLE, J. The opinion and decree heretofore handed down are reinstated; and they are now made the judgment of the court in this case.

MONROE, J., concurs in the decree.

[1] Ante, p. 761.

---

(61 South. 784.)

No. 19,873.

STATE v. BARBA.

(April 14, 1913.)

(Syllabus by the Court.)

CONSTITUTIONAL LAW (§§ 238, 275*)—MASTER AND SERVANT (§ 13*)—HOURS OF SERVICE—STATUTORY REGULATION — EQUAL PROTECTION OF THE LAWS—DISCRIMINATION.

Section 1 of Act No. 245 of 1912, reading as follows: "That no factory, manufacturing establishment, office building, warehouse, workshop, or any business establishment keeping open or running day and night, shall permit except in case of emergency, or compel the stationary firemen therein employed to work consecutively in any one day, more than eight hours; that a full day's labor shall be composed of eight hours and no more; provided that the provisions of this act shall not apply to stationary firemen or assistants employed in the petroleum industry, or in any cotton gin, or any sugar plantation, or in the saw mill industry"—held to be repugnant to the fourteenth amendment of the Constitution of the United States, in that said act denies the liberty of contract in relation to labor, and the equal protection of the laws, guaranteed by said amendment, as construed by the Supreme Court of the United States. The express exemption in the act of steam plants, such as oil refineries and sawmills, works an unjust discrimination against other plants operated by steam; and the division of such plants into two classes, the one running day and night, and the other running day or night, is purely arbitrary, and furnishes no reasonable basis for discriminating against the former in the matter of the hours of labor.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688–690, 695–708, 830, 835, 839, 843–846; Dec. Dig. §§ 238, 275;* Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*]

Appeal from Criminal District Court, Parish of Orleans; F. D. Chretien, Judge.

Arthur Barba was convicted of violating Act 245 of 1912, § 1, limiting the hours of employment, and from a reversal of such conviction by the criminal district court the State appeals. Affirmed.

Chandler C. Luzenberg and A. D. Henriques, Jr., both of New Orleans (Wm. H. Byrnes, of New Orleans, of counsel), for the State. Ph. J. Patorno and Carroll, Henderson & Carroll, all of New Orleans, for appellee.

LAND, J. Arthur Barba, general manager and secretary of the New Orleans Ice Manufacturing Company, was charged in the Second city criminal court of the parish of Orleans with violating section 1 of Act 245 of 1912, which, leaving out the enacting clause, reads as follows:

"That no factory, manufacturing establishment, office building, warehouse, workshop, or any business establishment running day and night, shall permit except in cases of emergency, or compel the stationary fireman therein employed to work consecutively in any one day, more than eight hours; that a full day's labor shall be composed of eight hours and no more; provided that the provisions of this act shall not apply to stationary firemen or assistants employed in the petroleum industry, in any cotton gin, or any sugar plantation, or in the sawmill industry."

Section 5 of the same act reads as follows:

"That the term 'stationary fireman,' wherever used in this act shall be deemed to mean, and apply to any person employed in the generation of steam in stationary boilers, and in attending to the water supply of such boilers."

The defendant demurred to the charge on the ground that Act 245 of 1912 was null and void because violative of the Constitution of the United States, particularly the fourteenth amendment thereof, in that it denies him the equal protection of the laws, and because also violative of articles 1 and 2 of the state Constitution of 1898, in that its provisions make an arbitrary, unreasonable, and unequal classification, and violative of both Constitutions, because it makes discrimination between factories of the same class.

The demurrer was overruled by the judge of the Second criminal court, and the defendant was tried, convicted, and sentenced to pay a fine of $50, and to serve five days in the parish prison.

Defendant appealed to the criminal district court of the parish of Orleans, which after a hearing declared the statute in question to be unconstitutional, null, and void,

132 LA.—25

and reversed the judgment below, and ordered the defendant discharged without day. The state has appealed.

The reasons of the district judge are set forth in a carefully prepared opinion, from which we make the following excerpts:

"Arthur Barba is the general manager and secretary of the New Orleans Ice Manufacturing Company. It is his duty to employ the engineers in the corporation, and to contract with them as to salaries and hours of labor conditions."

"The evidence shows that he employed stationary engineers and their assistants in this case. That these engineers and their assistants worked twelve consecutive hours out of the 24, hence he was arrested and tried for violating Act 245 of 1912."

"In the exercise of its police power the state has undoubtedly the right, by appropriate legislation, to protect the public morals, the public health, and the public safety; but in the exercise of that power, the state may not trespass upon the rights vested lawfully in the people."

"It is a self-evident and undeniable proposition of law that labor is a commodity, and that the right to labor and to employ labor, and make, in respect thereto, contracts upon such terms as may be agreed upon by the parties sui juris, cannot be interfered with by the Legislature except on some reasonable ground. Ritchie v. People, 155 Ill. 98 [40 N. E. 454, 29 L. R. A. 79, 46 Am. St. Rep. 315]; Godcharles v. Wigeman, 113 Pa. 431 [6 Atl. 354]; State v. Goodwill, 33 W. Va. 179 [10 S. E. 285, 6 L. R. A. 621, 25 Am. St. Rep. 863]."

The judge quoted extracts from the evidence, showing that the firemen at the New Orleans Ice Manufacturing Company worked 12 hours, and had coal passers for assistants.

The act on its face applies only to firemen in plants running day and night. Firemen in plants of the same kind running only during the day, or during the night, are excluded by necessary implication; and firemen employed in petroleum or sawmill industry, or in cotton gins, or on sugar plantations, are expressly excepted.

The judge could perceive no material difference based on considerations of health between the employment of a fireman in an ice factory and a fireman in a sawmill, cotton gin, sugar mill, or oil refinery.

The judge concluded as follows:

"From the above considerations I find that the act is discriminatory, and that the discrimination in favor of the petroleum industry, the cotton gin, the sugar plantation and the sawmill is unjust, unfair, and unreasonable, and that the police power of the state has been exceeded."

Article 51 of the Constitution of 1898 declares that "no law shall be passed fixing the price of manual labor," and article 48 provides that the General Assembly shall not pass any local or special law, "regulating labor, trade, manufacturing or agriculture." These articles, while not directly applicable to the case at bar, show that the spirit of the Constitution is against legislative interference in labor matters. The compulsory shortening of the hours of labor naturally tends to diminish the wages of labor.

The liberty of contract relating to labor includes both parties to it; the one has as much right to purchase as the other to sell labor. This liberty of contract is protected by the federal Constitution, and the states have no right to interfere with it, except in cases involving the safety, health, morals, and general welfare of the public. Lochner v. New York, 198 U. S. 45, 25 Sup. Ct. 539, 49 L. Ed. 937, 3 Ann. Cas. 1133. In that case a statute of the state of New York providing that bakers should not labor more than 10 hours per day was declared unconstitutional by the Supreme Court of the United States.

We make the following excerpts from the majority opinion:

"The question whether this act is valid as a labor law, pure and simple, may be dismissed in a few words. There is no reasonable ground for interfering with the liberty of person or the right of free contract by determining the hours of labor in the occupation of a baker. There is no contention that bakers as a class are not equal in intelligence and capacity to men in other trades or manual occupations, or that they are not able to assert their rights and care for themselves without the protecting arm of the state interfering with their independence of judgment or of action. They are in no sense wards of the state. * * * We think that the limit of the police power has been reached and passed in this case. There is in our judgment no reasonable foundation for holding this to be necessary or appropriate as a health law to safeguard the public health or the health of the individuals who are following the trade of a baker. * * * We think that there can be no fair doubt that the trade of a baker in and of itself is not an unhealthy one to that degree which would authorize the Legislature to interfere with the right to labor, and with the right of free contract on the part of the individual, either as employer or employé."

The contention on the other side was that the work of a baker was an unhealthy employment, and it was on this ground that a bare majority of the New York Court of Appeals sustained the constitutionality of the law.

There is no suggestion in the record that the occupation of a stationary fireman is dangerous or unhealthy to such a degree as to warrant the interference of the state. It is undoubtedly a toilsome occupation, but not more so than many other manual trades. The toil per se could not have warranted the interference of the Legislature, because it permitted unlimited toil in the plants excepted from the operation of the act. Whatever may have been the motive for the passage of the act we are satisfied that it was not based on health considerations. In the second place there can be no question that the act worked an unlawful discrimination against the New Orleans Ice Manufacturing Company and the firemen employed by them, first, by exempting all firemen employed in certain industries; and, second, by exempting firemen in other plants operated by day or by night. The firemen thus exempted may work 12 hours per day or longer, while the firemen of the New Orleans Ice Company cannot work more than 8 hours when the plant is running day and night, but may work 12 hours or more when the plant is running by the day or by the night. What possible relation can such a classification have to the health of the employé?

In State v. Gantz, 124 La. 535, 50 South. 524, 24 L. R. A. (N. S.) 1072, this court said:

"The right to work cannot be restrained without reason. Constituted authorities have been careful not to sanction unreasonable interference with the right."

"Here not only there is no good reason, but there is discrimination. * * * Class legislation, discriminating some and favoring others, is prohibited. * * *

"Special restrictions and special privileges not to be granted to persons engaged in the same business, under conditions the same, is the tenor of the decision we have annotated."

In the same case the court said:

"The only purpose of the exemption from all appearance is to permit a few to employ less qualified electricians, while others are denied that right, or to permit a few to do as they please, as relates to the qualifications of electricians they employ."

"A classification to be valid must be based upon some reasonable ground—something which bears a just and proper relation to the attempted classification, and is not a mere arbitrary selection." Railway v. Ellis, 165 U. S. 151, 17 Sup. Ct. 255, 41 L. Ed. 666.

A classification based merely on the circumstance of day and night work in some factories, and day or night work in others, not affecting the hours of labor, rests on an arbitrary distinction, which cannot be recognized as warranting legislative interference with the liberty of contract.

It is to be noted that the act in question has no application to employés other than firemen in plants operated by steam and running day and night.

It is therefore ordered that the judgment below be affirmed.

PROVOSTY, J., concurs in the decree.