(70 South. 338)

No. 21556.

STATE v. CULLOM.

(Nov. 15, 1915. Rehearing Denied Dec. 13, 1915.)

*(Syllabus by Editorial Staff.)*

1. CONSTITUTIONAL LAW ☞70 — JUDICIAL POWER—POLICE POWER.

Whatever legislation is called for by the public welfare is within the scope of the legislative power and whether such welfare calls for particular legislation is a question primarily for the Legislature, and the courts can only override its decision when, after every allowance is made, no sufficient basis therefor is found.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132, 137; Dec. Dig. ☞70.]

2. CONSTITUTIONAL LAW ☞238 — MASTER AND SERVANT ☞69 — CLASSIFICATION — REGULATION OF RELATION OF MASTER AND SERVANT.

Act No. 25 of 1914, requiring manufactories employing 10 or more persons to pay them in full every 2 weeks, and making it a misdemeanor to fail to do so, punishable by a fine of not more than $250, or imprisonment for not less than 10 nor more than 60 days, or both, cannot be pronounced invalid as an unjustifiable classification, within Const. U. S. Amend. 14, or Const. La. arts. 1, 2, 15, 48, because not applying to all manufacturers of the same class engaged in the same line of business and manufacturing the same materials, or as exempting certain manufacturers engaged in the same business, producing the same materials.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 688–690, 695, 706–708; Dec. Dig. ☞238; Master and Servant, Cent. Dig. §§ 78–81; Dec. Dig. ☞69.]

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Edward T. Cullom, president of the Springfield Lumber Company, was indicted for violating the statute requiring manufactories employing 10 or more persons to pay them in full every 2 weeks. Motion to quash indictment sustained, and the State appeals. Judgment set aside, motion to quash overruled, and cause remanded.

R. G. Pleasant, Atty. Gen., W. H. McClendon, Dist. Atty., of Amite (G. A. Gondran, of New Orleans, of counsel), for the State. M. C. Rownd, of Springfield, for appellee.

PROVOSTY, J. The accused was indicted for violation of Act No. 25, p. 80, of 1914, requiring manufactories employing 10 or more persons to pay them in full every 2 weeks, and making it a misdemeanor to fail to do so, punishable by a fine of not more than $250, or imprisonment for not less than 10 nor more than 60 days, or both.

He filed a motion to quash the indictment, on the ground that the act was violative of the Fourteenth Amendment of the Constitution of the United States and of articles 1, 2, 15, and 48 of the Constitution of Louisiana, in that:

"It is class legislation, in that it does not apply to all manufacturers of the same class engaged in the same line of business and manufacturing the same kind of material, but that it exempts certain manufacturers who are engaged in the same line of business and produce the same material, as the defendant in this case, who employ less than 10 employés."

In support of that contention the decision of this court in State v. Barba, 132 La. 768, 61 South. 784, 45 L. R. A. (N. S.) 546, Ann. Cas. 1914D, 126, is cited, in which the court found that:

"A classification based merely on the circumstance of day and night work in some factories, and day or night work in others, not affecting the hours of labor, rests on an arbitrary distinction, which cannot be recognized as warranting legislative interference with the liberty of contract."

The motion was sustained, and the state has appealed.

[1, 2] Cases of this kind must be determined on their own facts. Whatever legislation is called for by the public welfare is within the scope of the legislative power. Whether in any given case the general welfare calls for the particular legislation is a question primarily for the Legislature; and upon which the courts can undertake to override the legislative decision only where, after every allowance made, no sufficient basis for it can be found. Where a classification has been made, the court cannot undertake to pronounce it not to be founded upon any real distinction, unless this manifestly appears.

If the Legislature in its wisdom has concluded that the public welfare requires the providing of stringent rules for compelling prompt payment in large labor centers, and that these rules, no matter what they might be, would be unavailing if left to be enforced at the suit of the employés themselves, and that therefore, if they are to be effective, the state must herself enforce them through the machinery of her criminal courts—we do not see that the courts are at liberty to pronounce the legislation unnecessary or uncalled for. And if, in undertaking to declare how large the aggregation of employés should be in order that the law should have application, the Legislature has fixed the number at 10, we do not see that this necessarily imports an unjustifiable classification. In such a case, the line has to be drawn somewhere, and it is not for this court to say that if it had been drawn at 100, or at 50, or at 20, it would have been justifiable, whereas at 10 it is not so. This is exemplified by the Constitution itself, which, in granting exemption from taxation to manufactories, fixes the number of employés at not less than 5, article 230. It might be asked, why 5, and not 4; just as accused asks in this case, why 10, and not 9? The answer is that the line must be drawn somewhere, and that the Legislature has drawn it at the number at which it thought the public welfare becomes involved.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and is hereby set aside, the motion to quash is overruled, and the case remanded to be proceeded with according to law; and that the defendant pay the costs of this appeal.