McCALEB, Justice.
 

 This case, which reaches us on the appeals of the Police Jury of Caddo Parish and the plaintiffs in suit, involves primarily the constitutionality of Act 34 of 1954 insofar as It granted to Caddo Parish, through its Police Jury, planning and zoning authority relative to that part of the Parish outside of the City of Shreveport and within five miles of the city limits as they might exist from time to time. That Act gave similar comprehensive authority to the City of Shreveport to zone within its corporate limits and empowered the City and the Police Jury of the Parish to create a joint planning commission for the purpose of regulating subdivisions of land in the metropolitan planning area, as defined in the statute, to the end that the physical development of the area could be carried out as a whole.
 

 Pursuant to this legislative authority, the Planning Commission was organized and, in •1956, a “master plan” was adopted by the Police Jury throughout part of the area within five miles of the city limits of Shreveport and a similar master plan was adopted by the City of Shreveport, insofar as it related to areas within the city limits. In keeping with the plan, the Police Jury passed Ordinance 798 of 1957, after public hearing and due advertisement, classifying all of the property situated within the suburban area outside the City limits as R-l One-Family Residence District, under which zoning regulation the property owners were prohibited from making any commercial or industrial use of their land.
 

 At that time (1958), a portion of a four-acre tract situated in the zoned district was owned by Barnwell Drilling Company (hereinafter referred to as Barnwell), one of the defendants herein. Notwithstanding the prohibitions of the zoning ordinances, Barn-well constructed, during the year, 1959, shops, storage and parking facilities upon its property. Upon notification to Barnwell that it was violating Ordinance 798 of 1957, Barnwell filed an application to have its land rezoned for commercial uses. This application was refused by the Commission on March 22, 1960 and' its action'wás approved on May 11, 1960 by the Police Jury.
 
 *879
 
 Thereafter, on May 23, 1960, Barnwell filed suit in the First Judicial District Court attacking the constitutionality of Act 34 of 1954 and Ordinance 798 of 1957. The Police Jury filed exceptions to Barnwell’s petition in that suit hut the exceptions were overruled by the court. No further action was taken in the suit but, on September 29, 1961, Barnwell filed a second application with the Metropolitan Zoning Commission for the rezoning of its property from R-l One Family Residence to 1-2 Heavy Industry. The Planning Commission approved the new application and, on January 15, 1962, the Police Jury sustained the action of the Commission, simultaneously passing Ordinance 917 of 1962, a rezoning ordinance which carried approval of the new application into effect.
 

 A few days later plaintiffs, ten property owners whose lands are situated in the zoning district, brought the instant suit against the Police Jury
 
 [1]
 
 and Barnwell seeking the following relief:
 

 1. Declaring Act 34 of 1954 and ordinances enacted pursuant thereto to be unconstitutional;
 

 2. Alternatively, in the event the Court finds that Act 34 of 1954 is constitutional, then the rezoning Ordinance 197 of 1962 is invalid, being violative of Act 34 of 1954 and the general zoning Ordinance 798 of 1957;
 

 3. Alternatively, again, that the Barn-well rezoning Ordinance 917 of 1962 is unconstitutional being an. unreasonable and arbitrary exercise of police power by the Police Jury;, that it is discriminatory and operates as a taking of petitioners’ property without due process of law and denies them an equal protection: of the law;
 

 4. And, finally, ordering a permanent injunction against Barnwell to abate its violation of Ordinance 798 of 1957 as a nuisance per se.
 

 To this petition various pleadings were-filed by the Police Jury and Barnwell, including exceptions of no right or cause of action. The exceptions filed by the Police-Jury were founded in part upon the theory that the suit, being one for a declaratory-judgment, could not lie because there was. no justiciable controversy between the parties but, mainly, on the ground that the assailed statute and ordinances were constitutional on their face. The trial judge overruled these exceptions and held that Act 34-of 1954 is unconstitutional. He found that: the power to zone private property couldc'
 
 *881
 
 -only be conferred on the Legislature and ■other lesser governing bodies, such as municipalities and police juries, by specific constitutional authority and he referred to the fact that that had been the practice since the adoption of the LSA-Constitution of 1921 which, by Section 29 of Article 14, authorized all municipalities to zone their 'territory, and constitutional amendments ■subsequently passed which authorized the ■creation of airport zones and empowered certain specified parishes to zone property ■within their jurisdictions.
 

 Additionally, the judge sustained the exception of no right or cause of action interposed by Barnwell to plaintiffs’ petition T>eing of the view that, since Act 34 of 1954 .and all ordinances passed under the authority thereof were unconstitutional, Barn-well’s use of its property was not a nuisance jer se.
 

 In due course, the Police Jury answered plaintiffs’ petition, admitting the salient facts stated therein but denying the legal effect attributed thereto. Whereupon, plaintiffs moved for a summary judgment, which is authorized by Article 966 of the LSA-Code of Civil Procedure. The motion was maintained and judgment was rendered thereon in accordance with the previous view expressed by the judge, in passing on the exceptions of no right or cause of action, declaring Act 34 of 1954 and all ordinances of the Police Jury enacted pursuant thereto to be unconstitutional, null and void. The Police Jury has appealed and plaintiffs have prosecuted a separate appeal from the judgment maintaining the exceptions of Barnwell and dismissing it from the proceedings.
 
 [2]
 

 Before the case was submitted for decision in this Court, the district attorney of Caddo Parish, representing the Police Jury, filed in the record a certificate of the'Secretary of State, Hon. Wade O. Martin, Jr., attesting that a constitutional amendment, proposed by Act 529 of 1962, to further amend Section 29 of Article 14 of the Constitution by giving to the Parish of Caddo specific authority to zone property within five miles beyond the city limits of the City of Shreveport, was adopted by the people at the general election held throughout this State on November 6, 1962. This amendment also expressly validates and ratifies all legislation enacted in 1962 to carry the constitutional provision into effect, and
 
 *883
 
 specially ■ ratifies and validates Act 34 of 1954.
 

 It is therefore suggested that, in view of the new constitutional amendment, the matter before this Court anent the constitutionality of Act 34 of 1954 is now moot and, for this reason alone, we should reverse the judgment of the district court and remand the case for further proceedings on the remaining issues of the suit.
 

 Counsel for plaintiffs, albeit asserting in their brief that the new constitutional amendment cannot be applied retrospectively, tacitly, if not expressly, abandoned this position during oral argument and devoted their entire attention to their other contention that the trial’ judge erred in sustaining the exceptions of Barnwell to plaintiffs’ alternative demands and dismissing their suit as to that defendant. However, counsel for Barnwell, being primarily interested in upholding the judge’s view that the Legislature was without power to delegate to the Police Jury the authority to zone property within_ its territory, stoutly maintain that the new constitutional amendment, conferring such authority directly on the Police Jury, cannot be applied retrospectively so as to validate and ratify Act 34 of. 1954- from its.elective date, notwithstanding the express validation and ratification of the statute by the constitutional amendment. The argument runs that, since1 Act 34 of 1954 was unconstitutional prior-to the adoption of the new amendment, the-latter cannot breathe life into it to give it retrospective operation—for to do so-would violate familiar guarantees of the-State Constitution (see Section 2 of Article-I and the limitations set forth in Section 15 of Article 4
 
 [3]
 
 ) and those of the United’ States Constitution, in that it would divest vested rights, impair the obligations of con- - tracts and take property without due process.of law.
 

 We think this position is meritorious. Generally, the law seems to be well' established that an unconstitutional statute-is not validated by a subsequent constitutional amendment which does not ratify' and confirm the statute but merely authorizes the enactment of such a statute. See Annotation 171 A.L.R. 1070-1081 and authorities there cited, particularly Homer v. Blackburn, 27 La.Ann. 544 and Etchison Drilling Co. v. Flournoy, 131 La. 442, 59 So. 867 and compare Terrebonne Parish, School Board v. St. Mary Parish School Board, 242 La. 667, 138 So.2d 104.
 

 On the other hand, it is equally well settled that statutes, in conflict with the' constitution at the time they are passed, are validated by a constitutional amendment
 
 *885
 
 ■which expressly ratifies and confirms them -and they may be given retrospective effect * * provided such validation does not impair the obligations of a contract or divest vested rights.” See Annotation 171 A.L.R. 1070-1081 at pages 1072 and 1073 and authorities there cited, especially Fontenot v. Young, 128 La. 20, 54 So. 408 and Peck v. Tugwell, 199 La. 125, 5 So.2d 524 which, with Peck v. City of New Orleans, 199 La. 76, 5 So.2d 508, are cited in support of the text.
 

 Therefore, since plaintiffs and Barnwell . are here contending that a retrospective validation and ratification of Act 34 of 1954, as • authorized by the Constitutional Amendment, would unconstitutionally divest them ■bf perfect ownership of their property,— the right to possess and enjoy the fruits and • dispose of the whole in the most unrestrict- ■ ed manner (see Article 491 of the LSA- ■ Civil Code),.—we are unable to apply the ;act retrospectively as to the complainants without first determining whether it was unconstitutional at its inception. Hence, we address our attention to a discussion of •counsel’s claims.
 

 The Police Jury initially contends, under its exception of no cause of action, that plaintiffs are without sufficient legal interest to seek a declaratory judgment ■since they do not show that they had been •threatened with prosecution under Ordinance 798 of 1957 and that it is not enough that their lands are zoned -for residential' purposes only under what they claim to be an illegal ordinance.
 

 This contention is not substantial. Article 1872 of the LSA-Code of Civil Procedure declares that a person whose rights, status or other legal relations are affected by a statute or municipal ordinance “ * * ^ may have determined any question of construction or validity arising under’ the * * * statute, ordinance * * * and obtain a declaration of rights,’ status, or other legal relations thereunder.” Since plaintiffs’ lands are zoned under the authority of the ordinance, it is clear that they have the right to seek the relief prayed for. Compare Theodos v. Bossier City, 232 La. 1059, 95 So.2d 825, where plaintiff was not assailing the validity of the ordinances therein involved but merely contended that his business was exempted from the enactments.
 

 The main attack upon the constitutionality of Act 34 of 1954, an attack which has been briefed by plaintiffs (but, as stated above, was at least tacitly abandoned by their counsel during oral argument) and adopted by counsel for Barnwell in their brief and argument before this Court, is that the Legislature does not possess the power to enact zoning regulations and,'thus, cannot delegate by statute any such power to police juries or other governing bodies of political subdivisions. This contention is predicated on the theory,. to which we
 
 *887
 
 have above adverted, that, since the power to zone was specifically granted to all municipalities by Section 29 of Article 14 of the Constitution and, thereafter, extended to airport zoning and to certain designated parish governments by separate constitutional amendments to Section 29 of Article 14, such power has been necessarily withheld from the Legislature and that it cannot delegate zoning power to any subordinate political subdivision of the State. As aforesaid, 'the district judge believed that this argument was sound.
 

 In our opinion, there is no merit in the proposition. The power to enact zoning regulations is solely and only the exercise of police power. See 58 Am.Jur. “Zoning” Section 18 and the many authorities therein cited including State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440 (1923). The police power of the State, which is coextensive with sovereign power, denotes the power of the State to impose restraints on private rights which are necessary for the general welfare “ * * * and is but the power to enforce the maxim, ‘Sic utere tuo ut alienum non Isedas’”. Union Ice & Coal Co. v. Town of Ruston, 135 La. 898, 66 So. 262, L.R.A.1915B, 859.
 

 The Constitution (Section 1 of Article 3) vests the legislative power of the State in the Legislature. This grant includes all of the police power (New Orleans v. LeBlanc, 139 La. 113, 71 So. 248), although the Legislature may by enactment delegate a part of its police power to municipalities, political subdivisions and other governing bodies, including administrative-boards, without violating the prohibition contained in Section 18 of Article 19 of the Constitution that the police power of the State shall never be abridged. See State v. City of New Orleans, 151 La. 24, 91 So. 533.
 

 In this connection, it is well to observe that it is fundamental that the Legislature is supreme except when restricted by the Constitution and that, unlike Congress,, which can do nothing that the Federal Constitution does not authorize, may do everything that the State Constitution does not prohibit. Bozant v. Campbell, 9 Rob. 411; State ex rel. Belden v. Fagan, 22 La.Ann. 545; Hunsicker v. Briscoe, 12 La.Ann. 169; State v. Cullom, 138 La. 395, 70 So. 338 and Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381. Thus, in view of this-basic principle, the fact that the Constitution,'by special provision granted to municipalities the power to zone their territory, cannot be regarded as a tacit restriction or limitation on the legislative power to-delegate such authority to other public subdivisions. Nor did the fact that the Legislature saw fit to submit for approval of the-electorate other constitutional amendments; with respect to the creation of airport zones- and, later, for zoning in certain parishes detract in any way from the plenary power of
 
 *889
 
 the Legislature to delegate by statute similar authority to other parishes not included in the constitutional amendments.
 

 Indeed this Court, in the leading case of State ex rel. Civello v. City of New Orleans, supra, has already spoken authoritatively on this very matter. There, one question for decision was whether the Legislature could validly delegate authority, by Act 27 of 1918, to cities of more than 50,000 inhabitants (New Orleans was the only city of that size at the time the law was passed) to regulate the zoning on certain designated streets and thoroughfares. The relators contended that the statute and several zoning ordinances passed pursuant thereto were unconstitutional as being an improper exercise of police power. It appeared that, at the time the litigation arose, the Constitution of 1921, which, as aforesaid, by Section 29 of Article 14 vested all municipalities with authority to zone their territory, had been adopted and was in effect. The Court held, nevertheless, that the 1918 statute had been constitutional from its inception and, in speaking of the legislative power to pass zoning statutes and to delegate such authority to other political subdivisions, it observed :
 

 “That provision in the new Constitution (Section 29 of Article 14), of course, did not add anything to the authority of the Legislature to allow municipalities to zone their territory, to create residential, commercial and industrial districts, and to prohibit the establishment of places of business in residential districts.
 
 It was sufficient that the Constitution did not expressly prevent the exercise of the police power in that respect.11
 
 (Words in parenthesis and italics supplied)
 

 Further on in the opinion, the Court remarked :
 

 “ * * * As we have said, the affirmative expression in the new Constitution was not at all necessary.
 
 It was sufficient, for the exercise of the police power in the matter of city planning and zoning, that the Constitution did not forbid it.
 
 The manifest purpose of the expression in the new Constitution was, not to confer any less authority upon all municipalities than the Legislature had conferred upon New Orleans by the Act 27 of 1918, but to make sure that the doctrine of the decision in the Calvo Case and Blaise Case
 
 [4]
 
 should not continue to have the force of law.” (Italics ours).
 

 Later the Court, in State ex rel. Holcombe v. City of Lake Charles, 175 La. 803,
 
 *891
 
 144 So. 502 (1932) had before' it again the construction to be given to Section 29 of Article 14-of the .Constitution of 1921.' It appeared there that, subsequent to the adoption of the Constitution, the Legislature passed Act 240 of 1926, a statute prescribing certain conditions .on which municipalities might adopt zoning ordinances, which included the right to a public hearing of the parties interested and publication of notice of the hearing for 30 days prior thereto. In passing its zoning ordinance, the City of Lake Charles failed to comply with the conditions prescribed by Act 240 of 1926 and, for this reason, six property taxpayers adversely affected by the ordinance assailed it as-null and illegal. The district judge upheld the contention of complainants and rejected the plea of the city and certain intervenors, which was that the Legislature was without right to prescribe any regulations or conditions for the adoption of zoning ordinances by municipal corporations because none was prescribed in Section 29 of- Article 14 of the Constitution. On appeal, the decision of the trial judge was found to be correct. The Court stated:
 

 “* * * Section 29 of article 14 of the Constitution was not intended to deprive the Legislature of its authority to prescribe rules and regulations for the adoption of zoning ordinances by municipal corporations.
 

 * * * ' * * *
 

 “The purpose of section 29.of Article 14 of' the Constitution was merely to declare, as a matter "of public policy, that it was within the police power of all municipalities to adopt zoning ordinances. Theretofore, only a city having a population exceeding 50,000 could adopt zoning ordinances. It was so provided by Act No. 27 of 1918, p. 35, when New Orleans was the only city in the state having a population exceeding 50,000.”
 

 After referring to the Calvo and Blaise decisions, the Court continued:
 

 “It was to overcome the authority or result of those decisions that the Legislature, by Act No. 27 of 1918, gave the city of New Orleans the authority to enact zoning ordinances; and it was merely to extend the authority to 'all municipalities’ that section 29 of article 14 of the Constitution of 1921 was adopted. We expressed that opinion in deciding the case of State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 442, 33 A.L.R. 260, in 1923 thus: * * * (Here follows one of the' quotations from the Civello case which we have hereinabove set out.)
 

 Accordingly, we find no reason to regard either Section 29 of Article 14 of the Constitution or the special constitutional amendments, which were later adopted, as a básis for saying -that the police power o'f the
 
 *893
 
 State vested in the Legislature has been curtailed or restricted in respect to delegation by the Legislature of authority to other political bodies to zone their territories.
 

 Suggestion is made in plaintiffs’ brief that Act 34 of 1954 and the ordinances enacted thereunder are violative (vel non) of the provisions of the Federal and State Constitutions -respecting due process of law and that they deny equal protection of the law and take and damage private property without payment of compensation.
 

 There is no substance in these postulations as all of the specified violations of constitutional rights have been urged over and over again in zoning cases and rejected-by the Supreme Court of the United States and a legion of cases of the State courts of last resort in this country. See, among others, Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U.S. 116, 73 L. Ed. 210, 49 S.Ct. 50, 86 A.L.R. 654, and cases listed in Annotation 86 A.L.R. 659, et seq. In truth, the paramount question of constitutional law arising in cases involving the exercise of police power in the enactment of zoning measures is whether the regulation bears reasonable relation to the public health, safety, comfort or general welfare.. State ex rel. Civello v. City of New Orleans, supra.
 

 No such claim of arbitrary action on the part of the Police Jury relative to its enactment of Ordinance 798 of 1957 is made by plaintiffs in their main demand here but they do assert claims of capricious and discriminatory action in their alternative demand, which we shall hereinafter discuss. Therefore, since we conclude that Act 34 of 1954 and Ordinance 798 of 1957 are constitutional, the exception of the police jury addressed to plaintiffs’ main demand is well founded and should have been sustained and plaintiffs’ motion for a summary judgment should have been denied.
 

 We next consider the peremptory exception of Barnwell which is addressed to plaintiffs’ alternative claim that the amendatory Ordinance 917 of 1962, rezoning Barnwell’s property from R-l One Family Residence to 1-2 Heavy Industry, is unconstitutional. The basis for the plea is that the ordinance constitutes an unreasonable and arbitrary exercise of police power, thus operating as a taking of their property without due process of law and that it is discriminatory and denies plaintiffs an equal protection of the law. The exception was sustained by the trial judge as a consequence of his ruling that all zoning ordinances of the Police Jury fell when he declared Act 34 of 1954 unconstitutional. In this Court, however, counsel for Barnwell, anticipating the possibility that the judge’s-ruling anent the statute might be reversed,, has contended, in oral, argument, that plain-, tiffs’ allegations respecting the unconstitutionally of Ordinance 9-17 of 1962 fail to state- a cause of action because -no facts
 
 *895
 
 have been pleaded in the petition to support plaintiffs’ claim and that plaintiffs’ case is dependent entirely upon their mere assertions that the Police Jury acted arbitrarily and capriciously and without reasonable grounds—purely the conclusions of the pleader.
 

 We do not think this argument is well founded as an examination of plaintiffs’ petition discloses that a state of facts is alleged which, if true, would entitle plaintiffs to the alternative relief prayed for. The petition sets forth that all properties in the neighborhood, including the rezoned Barn-well tract, were initially zoned as an R-l One Family Residence District; that, all factors considered, these properties should have had the same use classification; that there has been no change of conditions in the neighborhood which would justify a change in classification of any portion of the same and that the change which was made was initiated, not upon the basis of evidence, but for some reason totally unrelated to the public welfare. In addition, plaintiffs set forth a series of events leading up to the adoption of the 1962 ordinance which, of itself, might well be regarded as indicating a course of arbitrary conduct on the part of the Police Jury or of such an inconsistent nature not calculated to have any reasonable relation to the public interest. These events were (1) notification to Barn-well by the Jury of its violation of Ordinance No. 798 of 1957; (2) filing by Barn-well of its first application for rezoning; (3) refusal of the application by the Metropolitan Planning Commission on March 22, 1960; (4) refusal of the Police Jury of the application to rezone on May 11th; (5) filing of the suit by Barnwell against the Police Jury in the First Judicial District Court attacking the constitutionality of Act 34 of 1954 and Ordinance 798 of 1957 on May 23rd; (6) overruling of exceptions of the Jury in that suit, which indicated that the judge believed the Act and the original Ordinance were unconstitutional; (7) some time thereafter, the filing of a second application for rezoning by Barnwell; (8) complete reversal by the Planning Commission of its previous stand by recommending that rezoning be granted, allegedly without any evidence of a change in conditions and, finally, the adoption of Ordinance 917 of 1962 granting the requested rezoning.
 

 These facts, if proved, would tend to show that the ordinance was passed by the Police Jury for the purpose of being relieved of Barnwell’s lawsuit and without any regard to the conditions stated in Ordinance 798 of 1957
 
 [5]
 
 as grounds for its amendment. Barn-well’s exception is, therefore, overruled.
 

 
 *897
 
 For the reasons assigned, the judgment appealed from is annulled and the case is remanded for further proceedings consistent with the views herein expressed. The costs of this appeal are to be paid by Barn-well Drilling Company.
 

 HÁMITER, J., concurs in the result.
 

 SUMMERS, J., concurs in the degree.
 

 [1]
 

 . The Metropolitan Planning Commission and the Attorney General of Louisiana were also joined as parties defendant. However, these parties have been dismissed from the proceedings by the trial judge and plaintiffs make no complaint as to his decision in this respect.
 

 [2]
 

 . The direct appeal to this Court by the Police Jury is proper under Section 10 (2) of Article 7 of the Constitution (as amended by Act 561 of 1958) because a 'State law and ordinances of a Parish have been declared unconstitutional. And ■we also are vested with appellate jurisdiction of plaintiffs’ appeal from the judgment maintaining the exception of Barn-well by virtue of the last paragraph of Section 10 of Article 7, providing: “If a case is appealed properly to the Supreme Court on any issue, the Supreme Court has appellate jurisdiction over all other issues involved in the case.”
 

 [3]
 

 . Rereads “No' ex-post facto law,' nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid.
 

 [4]
 

 . Calvo v. City of New Orleans, 136 La. 480, 67 So. 338 (1915) and Blaise v. City of New Orleans, 142 La. 73, 76 So. 244 (1917) held that the chaiter of the City of New Orleans did not vest in the Municipal Council authority to enact a zoning ordinance.
 

 [5]
 

 . Section VIII, Part A, Subdivision 1 of Ordinance 798 of 1957 sets forth that the ordinance is “ * * * based on comprehensive planning studies and is intended to carry out the objective of a sound, stable, and desirable development
 
 *897
 
 * * * »; that casual change or amendment “ * * * would be detrimental to the achievement of that objective, and it is therefore declared to be the public policy to amend this ordinance only when one or more of the following conditions prevail * * * ” (a) error, (b) change in conditions of the zoned area, (c) increased need for sites for business or industry and (d) where there has been a subdivision of open land into urban building sites.