■ CHESTER A. PETERS et al., on Behalf of Themselves and All Others Similarly Situated, Plaintiffs, v. NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Defendants.— Submission of controversy upon an agreed statement of facts pursuant to CPLR 3222. Plaintiffs seek to permanently enjoin defendants from continuing construction of an apartment complex known as "Woodrow Wilson Houses" in the City of Amsterdam. The defendant Urban Development Corporation opposes the requested injunction and seeks a declaration that the construction in question is a constitutional exercise of the State's police power. There is no question but that the Woodrow Wilson project site is in a wholly residential area which is zoned in all respects

for the highest residential use. The issues are whether the defendant development corporation is limited in its activity to blighted and insanitary areas and whether it must conform to the local zoning ordinances. Each of these issues must be resolved in defendant's favor and, hence, the plaintiffs are not entitled to injunctive relief. First, we must recognize that the activity of the defendants is constitutionally authorized. Section 1 of article XVIII of the New York Constitution enables the Legislature to provide for low income housing and, pursuant to this authority, it established the Urban Development Corporation. This corporation was to "promote the sound growth and development of our municipalities" by reconstruction and development in blighted and substandard areas and, most importantly, in "areas reasonably accessible thereto". (L. 1968, ch. 174, § 2.) The need for such housing in Amsterdam is unquestioned and the project's accessibility to all parts of the city is amply demonstrated by the record. As to whether or not the Urban Development Corporation is exempt from compliance with the city's zoning ordinance, the Court of Appeals has previously held that a governmental authority is not subject to zoning restrictions in the performance of governmental rather than proprietary functions (*Nehrbas* v. *Incorporated Vil. of Lloyd Harbor*, 2 N Y 2d 190). Of course, the provision of homes for the people of the State pursuant to the police power falls within the category of governmental functions, and, therefore, the local zoning ordinance was not applicable to the defendant. Judgment directed to be entered, without costs, in favor of defendants denying plaintiff's application for injunctive relief and declaring that the construction involved herein is a constitutional exercise of the State's police power. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.