DUFRESNE, Judge.
Bodet v. Broussard, et al. our docket No. 12058 is on appeal from a judgment granting the plaintiff a preliminary injunction prohibiting individual members of the Jefferson Parish Council and the Council itself from taking any steps interfering in any manner with plaintiffs exercise of his office as a member and chairman of the Greater New Orleans Expressway Commission. (Pontchartrain Causeway)
Bodet v. DeAmore, et al., 407 So.2d 813 our docket No. 12130, is an appeal from a judgment granting a preliminary injunction prohibiting individual members of the Personnel Board of the Parish of Jefferson and the Personnel Board itself from taking any steps interfering in any manner with the plaintiff’s exercise of his office as a member and chairman of the Greater New Orleans Expressway Commission. The two appeals were consolidated for hearing in this court. However, because of the different issues involved, we will consider the cases in separate opinions.
By Resolution # 40310 dated September 10, 1980, the Jefferson Parish Council removed the plaintiff from the Commission, indicating that he had violated the State Code of Ethics and the Parish Code of Conduct. The Council also adopted Resolution # 40313 appointing Francis Nelson to replace the plaintiff on the Commission.
Plaintiff’s removal was based on three alleged charges:
1.) Conflict of interest—
In December 1979, plaintiff sponsored and voted in favor of a resolution on the Commission appointing an Insurance Advisory Committee which included his brother, Jean P. Bodet. It is alleged that the plaintiff is a partner in the insurance business with his brother.
2.) Nepotism—
During the summer of 1979, one of the plaintiff’s sons was employed by the Commission.
3.) Nepotism—
During the summer of 1980, another of the plaintiff’s sons was employed by the Commission.
Following this action by the Council, the plaintiff filed suit against the individual members of the Council and the Council itself for an injunction to enjoin them from implementing the provisions of the aforesaid resolutions.
A hearing was held on the preliminary injunction on September 18, 1980 and the *812 trial court granted the plaintiff a preliminary injunction and enjoined the defendants accordingly. From this judgment the defendants have appealed devolutively.
The action of the trial judge at the preliminary injunction hearing was based solely on the principle that the State Law (LSA-R.S. 42:1101 et seq.) pre-empts and he sustained objection to hearing evidence and facts.
The 1979 Legislature adopted Act 443, which act became effective April 1, 1980 as the “Code of Governmental Ethics” (LSA-R.S. 42:1101 et seq.)
Act 443 of the 1979 Legislature in accordance with the mandate of Article X Section 21 of the 1974 Constitution established the State Code of Governmental Ethics.
Plaintiff has presented arguments concerning the establishment of the Code of Governmental Ethics and its application to all public employees.
However, since the trial judge based his decision solely on the pre-emption of this State Law he did not conduct a full hearing.
We disagree for two basic reasons, namely:
1.) Some acts complained of by the defendants took place prior to the effective date of the State Act which was April 1, 1980.
2.) We disagree with pre-emption as a matter of law.
Prior to April 1, 1980, the State Code of Governmental Ethics was not in effect and since April 1, 1980 we feel there can be equal jurisdiction between the State Code and other laws.
We do agree that the State Code of Governmental Ethics (Act 443 of 1979) can only be administered, interpreted and enforced by the State Commission on Ethics— however, this jurisdiction need not be exclusive. The Parish cannot enforce the provisions of the State Code in accordance with the mandate of the 1974 Constitution as expressed in Article X Section 21; however, we find no prohibition from the Parish having their own Code of Conduct and enforcing it. Accordingly, it is possible for the two to have equal but separate jurisdiction that is enforceable by the proper authorities independently of the other.
In reviewing the constitutional convention debates regarding the adoption of the proposed Code of Ethics section of the 1974 Constitution, we find the delegates fully understood that Article X Section 21 applied to all public employees. However, neither in the 1974 Constitution nor in Act 443 of 1979 do we find any prohibition against a parish having a Code of Ethics or Code of Conduct with similar jurisdiction with the State Code of Governmental Ethics.
We agree that only the State Commission on Governmental Ethics can enforce the provisions of the State Code but that does not prohibit a parish from having a Parish Code of Conduct and having it enforced by the Parish Government or its designated agency. Both can co-exist and function even though in some areas there may be equal or similar jurisdiction.
Likewise, we feel that the authority to hire must not be separated from the responsibility and the authority to fire.
The Articles of Incorporation for the Greater New Orleans Expressway Commission state an appointee to the Commission may be removed for cause by act of not less than two-thirds of the members of the Jefferson Parish Council.
The Jefferson Parish Council in its Resolution # 40310 removing the plaintiff from the Commission did not differentiate and enunciate whether he was being dismissed for alleged violation of the State Code of Ethics or the Parish Code of Conduct. We cannot pass on the validity of this resolution since this record comes to us on a preliminary injunction and the record is insufficient.
For the reasons hereinabove expressed, we conclude that the State Commission on Ethics for public employees has the jurisdiction to enforce the provisions of the State Code of Ethics; however, the Jefferson *813 Parish Council is not prohibited from enforcing its own rules and more particularly the authority granted under the Articles of Incorporation for the Greater New Orleans Expressway Commission.
Accordingly, we affirm the judgment of the trial court granting a preliminary injunction in so far as it applies to the attempted removal of the plaintiff under the State Code of Ethics. However, in so far as it applies to the Parish Code of Conduct, we reverse and set aside and remand this matter to the trial court for further proceedings consistent with this decision.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.