DUFRESNE, Judge.
Bodet v. DeAmore, et al. our docket No. 12,130 is an appeal from a judgment prohibiting individual members of a Personnel Board of the Parish of Jefferson and the Personnel Board itself from taking any steps interfering in any manner with the plaintiff’s exercise of his office as a member and chairman of the Greater New Orleans Expressway Commission.
The appeal of Bodet v. Broussard, et al., 407 So.2d 810, No. 12058 of our docket was consolidated for hearing in this court.
The plaintiff, following receipt of information that the Personnel Board of the Parish of Jefferson was going to initiate an investigation regarding his position on the Greater New Orleans Expressway Commission, filed suit against the individual members of the Personnel Board and the Personnel Board itself for an injunction enjoining them from enforcing or taking any action or acting in any manner to disturb his exercise of the power of his office. A temporary restraining order was issued by the trial court.
*814 Following an October 9,1980 hearing, the trial court granted a preliminary injunction and enjoined the defendants accordingly. The defendants have appealed from this judgment.
The action of the trial judge at the preliminary injunction hearing was based solely on the principle that the State Law (LSA-R.S. 42:1101 et seq.) preempted the authority of the Personnel Board and relied on the judgment rendered in the case of Bodet v. Broussard et al., 407 So.2d 810 No. 12058 of our docket and did not conduct a full hearing.
We disagree with the issuance of a preliminary injunction in this case. Under the Home Rule Charter and Code of Conduct, the Jefferson Parish Personnel Board has the authority to investigate and determine if a public employee has violated the Code of Conduct.
After investigation, the Personnel Board may hold public hearings and the specific procedure to be followed is outlined by Article II — Sec. 13-58 of the Code of Conduct. Likewise, the Personnel Board is granted authority to report and recommend action to the Jefferson Parish Council.
The issuance of the preliminary injunction in this case, we feel, is improper since it prevents any investigation by the Personnel Board. The Personnel Board has received a complaint and should not be enjoined from conducting its investigation to determine whether any action is necessary.
Accordingly, we reverse the judgment granting a preliminary injunction as it applies to the Personnel Board and individual members of the Personnel Board and remand this matter to the trial court for further proceedings consistent with this decision.
REVERSED AND REMANDED.