NORRIS, Judge.
This is an appeal from an award for breach of contract. Security National Bank of Shreveport agreed to purchase from Bennie Terrell all the dirt necessary for the construction of a new bank building. Security breached the agreement by purchasing the dirt from someone else. A detailed exposition of the facts and the complex procedural stance of this case can be found in the first reported opinion, Security Nat’l Bank of Shreveport v. Terrell, 459 So.2d 131 (La.App. 2d Cir.1984). For purposes of this appeal, the only issue is how much the bank must pay for the breach of contract.
Security needed 102,800 cubic yards of dirt for the project. Mr. Terrell’s price was $1.25 per cubic yard. This makes for a total price of $128,500, from which the trial court deducted Terrell’s costs of $3,699.25. This left a difference of $124,800.75, Terrell’s net profit, which the trial court awarded. See White v. Rimmer & Garrett, 340 So.2d 283 (La.1976). Security appealed, contending the proper measure of damages was the contract price minus the market price at the time of the breach. See Friedman Iron & Supply v. J.B. Beaird Co., 222 La. 627, 63 So.2d 144 (1953). We remanded with instructions to subtract “the market value, if any,” from the damages. On remand, the trial court found that at the time of the breach the selling price for dirt in place at a pit like Terrell’s was $.20 per cubic yard but that because of poor economic conditions there was in effect no market. He also found that Terrell had an unlimited supply of dirt at his pit. He therefore reinstated his original judgment. Security again appeals.
The conflict is thus: from the economic standpoint, failure to deduct the selling *920 price for dirt in place at the time of the breach makes Security pay full contract amount for dirt it did not receive and Terrell can sell again; from the practical standpoint, deducting the selling price makes Terrell suffer a loss he cannot recoup elsewhere. We think the practical considerations ought to prevail. The reasoning that Security seems to argue in brief depends on the assumption that there is a constant market. This assumption, however, is not necessarily valid. As was recognized in Friedman:
The rule, that the measure of damages for the breach of the sale * * * is the difference between the contract price and the market price at the date of the breach of the contract, is a salutary one and does not depend on uncertain events that may occur some time in the future. 63 So.2d at 150.
In extraordinary circumstances where there is no market for the commodity at the time of the breach the result must differ. LSA-C.C. art. 1995; see also UCC § 2-708(2).
In conclusion, since Terrell could not make up the difference on the market at the time of the breach, he is entitled to recover his full, anticipated profit. The judgment is affirmed at appellant’s cost.
AFFIRMED.