499 So.2d 217 (1986)
William Jessie SPENCE, Appellee,
v.
WEBSTER PARISH SCHOOL BOARD, Appellant.
No. 18140-CA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
*218 Henry N. Brown, Jr., Dist. Atty., Minden, Lunn, Irion, Johnson, Salley & Carlisle by James B. Gardner, Shreveport, for appellant.
Francis M. Gowen, Jr., Shreveport, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
NORRIS, Judge.
The plaintiff, William Jessie Spence, had operated a bus route from Springhill to Louisiana Tech since 1969. He owned the bus and serviced the route. In 1983 the Webster Parish School Board ("Board") decided to operate the route itself and terminated Spence's arrangement, giving rise to the instant lawsuit. The court below found that under LSA-R.S. 17:497 Spence was entitled to locked-in mileage until 1986, and granted Spence compensatory damages for breach of contract. Both parties have appealed the trial court's judgment awarding Spence $54,265.88 plus legal interest.
The defendant's appeal raises the following issues:
(1) Whether plaintiff fulfilled the 17:497 requirement that he receive permission to buy the bus from the Board or its authorized agent or officer.
(2) Alternatively, whether any contract between plaintiff and defendant was null and void under the Code of Governmental Ethics, LSA-R.S. 42:1101 et seq.
Spence answered the appeal, assigning as error:
(1) The trial court's deduction of the $7,000 stipulated as the yearly maintenance and expense of the bus from Spence's award of damages.
(2) The trial court's failure to make the legal interest awarded payable from either the date of judicial demand or the date of each monthly payment when due until paid.
We find merit only in Spence's final assignment of error. We affirm the judgment *219 of the trial court, amending it to make the legal interest awarded payable from the date of judicial demand.
In 1969 the Board established the Springhill-Tech bus route. Spence operated this route from 1969 until the Board terminated his contract in 1983. Spence first bought a bus for the route in 1969, which he replaced in 1975 at the request of the Board. In 1981 Spence bought a new diesel bus, after having discussed the purchase with Darrell Wayne Mitchell, the Board's transportation supervisor. Shortly after the purchase, Mitchell filled in all the reports necessary to guarantee Spence the locked-in mileage pursuant to 17:497.
The Board contends that Spence was not given permission to buy the 1981 bus as 17:497[1] requires. The trial court found that by the nature of his duties, Mitchell was authorized to act for the school board in approving the purchase, and that he did so. A trial court's findings of fact are not to be disturbed on appeal unless they are clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The record reveals that Mitchell's position as transportation supervisor gave him almost complete control over the operation of the buses, and that Spence had dealt exclusively with the transportation supervisor when buying his two previous buses. Mitchell and Spence had frequently discussed the diesel bus before Spence bought it in 1981, and it had been Mitchell who informed Spence of the lockedin mileage and offered to fill in the forms necessary for Spence to receive it. Mitchell and Spence both thought that he was guaranteed the mileage. There is sufficient evidence in the record to support the trial judge's findings, and we cannot hold his decision manifestly erroneous.
Since Spence was in compliance with 17:497, he is entitled to the locked-in mileage guaranteed by that statute until 1986. The Board improperly terminated his contract and is liable for the breach. LSA-C.C. art. 1994.
The Board's second allegation is also without merit. They contend that Spence's contract was invalid, because it was in violation of the Code of Governmental Ethics, 42:1101 et seq. Spence is an employee of the school board, his brother is a member of the school board, and therefore, the Board asserts, any contract between Spence and the Board is null and void. We need not address the issue of the effect of any such violation on a contract, because the Governmental Ethics Code is not applicable to this contract.
The Board and Spence have had an ongoing contractual relationship since 1969, when he first began to service the Springhill-Tech route. Mr. Manning, at that time the Board's assistant superintendent, entered into a verbal agreement with Spence in 1969. It is irrelevant whether he had the authority to do so, because by 1975 at the latest, the Board itself had ratified that contract. Ratification is the adoption or affirmance by a principal of the acts of his agent. Skye Realty Co. v. Diversified Insurance Agency, Inc., 221 So.2d 871 (La.App. 2d Cir. 1969). On the part of the principal, there must be knowledge of the facts, consent, and either express or implied intent to ratify the contract. Ledoux v. Old Republic Life Insurance Co., 233 So.2d 731 (La.App. 3d Cir.1970), writ denied 256 La. 372, 236 So.2d 501 (1970). One who accepts the benefits of an agent's action is held to have accepted it. Tyson v. Robinson, 329 So.2d 781 (La.App. 2d Cir.1976).
*220 In 1975 at the July 21 and August 4 meetings the Board officially recognized Spence's status as a contract driver. Exhibit P-1. At the earlier meeting the Board decided to require Spence either to buy a new bus or relinquish his contract. At the August meeting it approved Spence's request to buy a 60-passenger bus rather than a 66-passenger bus as it had specified. The Board decided this was sufficient to satisfy its needs and it would allow him to continue with the contract. The Board recognized and approved of the contractual relationship. It demonstrated its knowledge of the relationship that had existed since 1969 when it warned him that he must follow a certain course of action or lose his position. The Board accepted the benefits that it was to receive from this contract, that Spence would furnish a bus satisfactory to the Board and assure that the route was serviced. The Board manifested its intent to have the route operated by Spence.
Ratification causes the contract to be adopted by the principal as if it were originally authorized. Ledoux v. Old Republic Life Insurance Co., supra. This means that the contract between the Board and Spence is considered to have existed since 1969. It is not invalidated by 42:1101 et seq. because the Code does not apply to actions that took place before it became effective in 1980. Bodet v. Broussard, 407 So.2d 810 (La.App. 4th Cir.1981), writ denied 410 So.2d 1133 (La.1982).
Both parties stipulated that the average yearly maintenance and expense for the bus was $7,000. When awarding Spence damages the trial judge deducted this amount from the sum that the Board should have paid Spence each year. Spence assigns as error the trial court's deduction of the amount of yearly maintenance and expense. He asks that his award of $54,265.88 be increased to $71,182.52. Spence seems to argue that he is entitled to the gross amount that he would have been paid by the school board, rather than the lost profit he suffered. Damages resulting from a breach of contract for service are always based on lost profits. LSA-C.C. art. 1995. Des Allemands Lumber Co. v. Morgan City Timber Co., 117 La. 1, 41 So. 332 (1906). Security Nat. Bank v. Terrell, 482 So.2d 919 (La.App. 2d Cir.1986). We find no merit in his claim.
Spence also requests that the judgment below be clarified and amended to specify that the legal interest he was granted be awarded from either the date of judicial demand or the date of each monthly payment when due until paid. The agreement between Spence and the Board contained no specific interest agreements, nor any automatic default provisions. In the absence of such provisions, the interest is due from the time that the school board was put in default. LSA-C.C. art. 1989, 1990. The judgment awarded "legal interest" to Spence, together with all costs. It should be modified to clarify the award, so that Spence receives legal interest from the date of judicial demand.
We amend that part of the second paragraph of the judgment which grants Spence legal interest to read:
"... together with legal interest thereon from the date of judicial demand, and for all costs of these proceedings."
Costs are not assessed. LSA-R.S. 13:4521.
AMENDED AND AFFIRMED.
NOTES
[1] The statute provided in pertinent part, before amendment:

D. Each school board shall designate the size of the bus to be used on each official regular school bus route. When an operator deems it necessary to purchase a bus of the designated size to be used on an official regular school bus route, he shall obtain the approval for said purchase by the school board or its duly designated officer or agent. After purchasing a bus so approved, no operator shall be penalized as a result of the change by the school board in the designated size of the bus or the length of the route within a five-year period following such purchase of a bus, which provisions shall be retroactive and include buses purchased before July 19, 1970; provided, however, that the distribution of state funds for school transportation to the city and parish school boards shall include any costs incurred by school boards in complying with this provision. (emphasis supplied)