Dear Mr. Tarver:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
In your letter, you state the Sabine Parish Police Jury has passed an ordinance which seeks to remove the authority of the Parish Zoning Commission. You inquire whether the action of the Police Jury is valid in light of Act 573 of 1968, a local and special law enacted by the legislature granting the police jury of Sabine Parish the authority to zone property and to appoint a zoning commission. Although your request addresses the ability of the police jury to abolish the zoning commission, a further question is raised concerning the zoning power of the police jury, which we address herein.
Review of the Sabine Parish Police Jury ordinance creating the zoning commission reflects the following pertinent language:
 "ORDINANCE CREATING PARISH PLANNING COMMISSION under the authority granted in R.S. 33:101 through R.S. 33:119 and designating said commission as the Parish Zoning Commission under the authority granted by R.S. 33:4721 through R.S. 33:4729, and providing for the appointment of a board of adjustment under the authority granted by R.S. 33:4727;
* * *
 SECTION 5 — The Commission herein established shall serve as a PARISH ZONING COMMISSION and when acting as such, it shall keep separate minutes and records, when acting as the PARISH ZONING COMMISSION, it shall exercise all of the powers and duties conferred by R.S. 33:4721 through R.S. 33:4729." (Emphasis added).
At the outset, we note municipalities and parishes through statutory provisions have authority to establish planning commissions. LSA-R.S. 33:101, et. seq. Municipalities have authority to zone and establish a zoning commission through the Municipal Zoning Enabling Act, LSA-R.S. 33:4721, et. seq. Parishes have no general enabling act setting forth land use or zoning procedures, except for those powers of a parish planning commission set forth in LSA-R.S. 33:101, et. seq. (See also LSA-R.S. 33:4877, which authorizes parishes with a population of over 23,000 and with no municipality to zone.) The ordinance establishing the zoning commission pursuant to those "powers conferred by R.S. 33:4721 through R.S. 33:4729" is incorrect insofar as these provisions relate solely to municipalities.
Although the legality of the enactment of the parish zoning commission by the 1967 ordinance might have been questioned, we find Act 573 of the 1968 Legislative Session to be curative. Act 573 of 1968 states, in pertinent part:
 "Section 6. In order to avail itself of the powers conferred by Section 1 through Section 9 the Police Jury shall appoint a zoning commission. . . . Where a parish planning commission exists it shall be the zoning commission."
Having been legislatively authorized to create the zoning commission, the question is raised whether the police jury also has the authority to abolish it. A police jury is a creature of the state, and may lawfully exercise only those powers delegated to such political subdivisions by the Louisiana Constitution and statutes. Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127 (La. 1979); City of New Orleans v. State, 364 So.2d 1020 (La. 1978). Although there is no language within Act 573 of 1968 authorizing the police jury to abolish the zoning commission once created, there is constitutional authority for abolishment found in LSA-Const. Art. VI, § 15:
 "Section 15. The governing authority of a local governmental subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency." (Emphasis added).
We conclude the police jury has the authority to abolish the zoning commission once created. However, the Sabine Parish Police Jury is conferred the power to regulate zoning only after a zoning commission is established. As quoted above within Section 6 of Act 573, the Sabine Parish Police Jury "shall appoint a zoning commission" in order to avail itself of the powers conferred, i.e., zoning authority. By abolishing the zoning commission, the police jury has in effect also eliminated its ability to pass zoning ordinances.
Further, the larger question is whether this special legislation originally granting zoning authority to the Sabine Parish Police Jury is still valid in light of subsequent constitutional provisions. Article XIV, § 29 of the Constitution of 1921 originally authorized all municipalities to zone their territories along with specific grants of zoning authority allowed certain parishes throughout the state. Section 29 made no general provision for parish governing authorities to enact zoning ordinances.
Section 29 of the Louisiana Constitution of 1921 was not retained in the 1974 Constitution, and for this reason, the provision allowing specific parishes zoning authority is repealed pursuant to LSA-Const. Art. XIV, § 17 which states:
 "Except to the extent provided in this Article and except as retained in Articles I through XIII of this constitution, the provisions of the Constitution of 1921 are repealed."
Prior to the promulgation of the 1974 Constitution, certain parishes such as Sabine were statutorily granted the authority to pass zoning laws. This office has concluded in some past opinions that such statutes are no longer valid as a result of the passage of Article VI, § 17 of the Louisiana Constitution of 1974. This Article provides:
 "Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained." (Emphasis added).
The Attorney General has previously opined that this Article directs the legislature to pass uniform procedures before this section's delegation of land use powers to parish governing authorities can be effective. In Attorney General Opinion Numbers 78-1474, 78-1474(A), and 77-1269 this office stated all previously enacted special legislation is repealed, and police juries do not have the power to pass zoning ordinances until such time as the legislature enacts a uniform procedure to be followed by all local governmental subdivisions in the adoption of zoning regulations.
Previous Attorney General opinions have also upheld the validity of such special legislation. In Attorney General Opinion Number 77-1550, this office examined Act 20 of the 1958 Regular Legislative Session in light of LSA-Const. Art. VI § 17. Act 20 of 1958 is very similar to Act 573 of 1968 in that Act 20 also authorized West Baton Rouge Parish to pass zoning regulations. The author of the opinion concluded the legislation was not in conflict with the 1974 Constitution, and until the legislature adopts the uniform procedures under Article VI § 17, such legislation remains in effect pursuant to Article XVI § 18(A). See also Attorney General Opinion Numbers 75-314 and 77-694, which adhere to this conclusion.
There is no jurisprudence directly addressing this issue reflected in our research. However, this office is of the opinion that the interpretations of the law stated in Attorney General Opinion Numbers 77-1550, 77-694, and 75-314 are correct. We are in agreement with the opinion of the author in 77-1550, in which he stated:
 "It is obvious from the explicit language of the new constitution and from review of the convention debate of this issue, that it was intended that general zoning authority should be extended to all parishes and municipalities of the state. . . . Thus it does not appear that Act 20 of 1958 is presently inconsistent or repugnant to the enabling provisions of Article 6, Section 17 of the new Constitution." (Emphasis added).
Act 573 of 1968 is not in direct conflict with Article VI § 17, as the legislature has neither expressly repealed, nor passed legislation contradictory to Act 573. Until such time as the legislature enacts a uniform procedure for adopting and modifying parish zoning regulations, Act 573 of 1968 remains effective. Pursuant to this legislation, the Sabine Parish Police Jury may reappoint a zoning commission in order for the parish to exercise the zoning powers conferred therein.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0139E