COOKS, Judge.
This is a declaratory action seeking to resolve a zoning controversy between two political subdivisions, the Lake Charles Harbor and Terminal District (the District) and Calcasieu Parish Police Jury (the Police Jury). Although each political subdivision exercises separate powers delegated by the State, their jurisdictional boundaries geographically overlap. As a consequence, we must determine whether the Police Jury has authority to enact zoning regulations affecting property owned by the District.
I.
In 1980, the Police Jury passed a zoning ordinance classifying all the District’s land acquisitions as 1-2, Heavy Industrial. In 1983, the District attempted to participate in an “At-Sea” incineration project which required construction of a hazardous waste facility on its property. The District requested that the Police Jury re-classify the project site from 1-2 to the less restrictive 1-3, Hazardous Industrial Classification. The Police Jury refused the District’s request; and later passed a more comprehensive amending ordinance, again affecting all of the District’s property.
In 1991, the District was approached by the Environmental Protection Agency (EPA) seeking permission to use its property to off-load a barge of flammable liquid. Learning of the EPA’s request, the Police Jury passed a resolution instructing its employees to enforce the parish’s zoning regulations. The sole purpose of the resolution was to block any further discussions between the District and the EPA regarding the proposed off-loading activity.
The District responded by filing suit urging the trial court to declare that the Police Jury lacked constitutional and legislative authority to regulate the use of land owned by it. The trial court agreed and accordingly rendered judgment in favor of the District. We affirm.
II.
Police Juries are creatures and subordinate political subdivisions of the State. As such, they possess only those powers conferred by the State Constitution and statutes. Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Jury, 371 So.2d 1127, 1131 (La.1979). They are political corporations to which the State has delegated a limited portion of its police powers. State ex. rel. Porterie v. Smith, 182 La. 662, 162 So. 413 (1935). This power encompasses the State’s authority to impose restraints on private rights which are necessary for the general welfare, including enacting zoning ordinances. City of New Orleans v. State, 364 So.2d 1020 (La.1978).
Article 6, Section 17 of the Louisiana Constitution (1974) grants zoning authority to local governmental subdivisions:
“Section 17. Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create com *1033 missions and districts to implement those regulations; • (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.”
Nevertheless, this grant of authority is limited by Article 6, Section 9(B) of the Constitution which provides “notwithstanding any provision of this Article, the police power of the State shall never be abridged.” We recognize the legislature also granted special authority to the Police Jury to provide for zoning in Calcasieu Parish. See Act No. 196 of 1960. However, this authority is not unbridled. The State retains superior police power.
We are convinced the holding in City of New Orleans v. State, 364 So.2d 1020 (La.1978) compels affirmance of the trial court’s judgment in this case. See also Parish of Jefferson v. Universal Fleeting Company, 234 So.2d 88 (La.App. 4th Cir., 1970). The City of New Orleans attempted to enjoin the State from using a state owned facility as a prison through enforcement of a local zoning ordinance. Rejecting the City’s argument that it possessed authority to restrict the State’s use of its land, the Louisiana Supreme Court held:
“Article 6, Section 9(B) of the Constitution removes any doubt as to the effect of the statutory and constitutional provisions: they do not abridge the police power of the State. That power necessarily remains dominant. The municipal police power is subordinate to that retained by the State as sovereign. Hence, municipal zoning ordinances cannot control the State’s use of its property in performing a governmental function. Our views comport not only with the clear provisions of the constitution, but also with the views voiced by the delegates to the Louisiana Constitutional Convention prior to adopting the provisions discussed herein. State of Louisiana Constitutional Convention of 1973, Verbatim Transcripts, Vol. 38, Proceedings, 117th day, pp. 15-17; Vol. 19, Proceedings, 58th day, pp. 41-42.
While the law and jurisprudence of other states in not controlling, our research shows that our conclusion harmonizes with the majority rule throughout the country ...”
Thus, the State Constitution and statutes only grant zoning authority to parishes when the exercise of such authority does not conflict with the State’s power to use and regulate its property in performing governmental functions. In exercising this power, the State has seen fit to incorporate the District and enact La.R.S. 34:207 which provides:
“The board may make or construct any of the works of public improvement in the district and anything in connection therewith that may be necessary or useful for the business of the board; it may purchase machinery, materials and equipment for performing such work, and supervise the making of the same, or make and construct such works through contracts with others; and generally it may do all other acts necessary or proper to carry out the powers hereby vested with regard to such works of public improvement.”
Further, the power of the District, as a deep-water port, is protected by Article 6, Section 43 of the State Constitution which prohibits any “reduction” in its authority except by passage of an act requiring a two-thirds vote of the House and Senate.
We find that the District is an “arm” of the State. Therefore, the police jury’s general zoning authority must yield to the District’s power and function which emanate wholly from the State.
The Police Jury encourages this Court to adopt a “balance of interest” approach as suggested by Justice Marcus’s dissenting opinion in City of New Orleans, supra. This approach would require us to determine, in each case, the “reasonableness” of the State’s action. As further suggested, our inquiry would entail considering such factors as “the type of facility or use intended by the State, the existing pattern of land use in the area, the effect of the activity on adjoining areas, public need for *1034 the facility, alternative locations for the facility, and alternative methods for providing the needed improvement.” In final analysis, adoption of this approach would result in “judicial” abridgement of the State’s police power.
The policy concerns echoed by the Police Jury, in brief, are better left to the sound discretion of the people through the exercise of their collective will by legislative enactment. We cannot ignore clear law and jurisprudence which bar our interference with the State’s authority on zoning matters.
III.
For the reasons assigned, the judgment of the district court is affirmed. All costs to be assessed against appellant.
AFFIRMED.