Dear Representative McCleary:
You have requested an opinion of this office as to whether Section 2.207.2 of the Zoning Ordinances promulgated by the City of Baton Rouge Parish of East Baton Rouge, Office of Planning Zoning Commission violates La. R.S. 33:4862.14 or any provision of the Louisiana Constitution. You have also requested an opinion as to whether the referenced ordinance impinges upon the State's police power and whether video poker laws are rightfully regulated solely by the Louisiana Legislature by virtue of the fact that these laws are matters of statewide significance.
For the reasons that follow, it is the opinion of this office that the referenced ordinance violates La. R.S. 33:4862.14; the regulation of video poker, and all gaming, has been delegated to the legislature and the legislature alone; and pursuant to La. Const. art. VI § 9(B) local governments may not exert regulatory authority over video poker. This determination is consistent with opinions Nos. 92-148 and 93-659 released, respectively, on April 16, 1992 and October 26, 1993 in which this office opined that municipalities may not enact ordinances prohibiting the sale of lottery tickets or the operation of video draw poker devices and may not regulate riverboat gaming. Copies of both opinions are attached hereto.
Section 2.207.2 provides as follows:
 In the C-G commercial gaming, legalized gambling, and games of chance district there may be any uses listed in the preceding districts, as well as businesses involving gaming or legalized gambling as from time to time hereafter defined by the State Legislature and/or the Metropolitan Council. No activity shall be conducted on such premises as shall violate state statutes or local ordinances prohibiting illegal gambling. All other provisions in the zoning ordinance concerning lot sizes, required yard spaces, and parking shall be as set forth in requirements for C-2 zones. This zone shall not be required for charitable gaming establishments licensed and operating pursuant to Chapter 10 of Title 9 of the Code of Ordinances of the City of Baton Rouge Parish of East Baton Rouge, or for establishments whose only activity related to gaming is the sale of Louisiana state lottery tickets. (Ord. 9601, 4-14-93).
La. R.S. 33:4862.14 provides as follows:
§ 4862.14. Preemption of local laws and taxes
 Video draw poker devices or similar devices licensed and permitted pursuant to this Part are exempt from taxes, fees, and licensing restrictions imposed by any governmental entity, except that a local governing authority may levy an occupational license tax on the operation of video draw poker devices within its jurisdiction in an amount not to exceed fifty dollars per device.
Municipalities may not act in an area which the legislature has expressly preempted. City of New Orleans v. Walker, 327 So.2d 386,388 (La. 1976). Zoning ordinances are the exercise of the State's police power. City of New Orleans v. State, Department of Corrections, 364 So.2d 1020, 1022 (La. 1978). The regulation of gambling is also an exercise of the State's police power. Polk Reily v. Edwards, slip at 14 (No. 93-CA-0362, decided August 6, 1993). Although La. Const. art. VI, § 17 grants zoning authority to local governmental subdivisions, La. Const. art. VI, § 9(B),[1] ". . . [A]pplies when there is a conflict between a subdivision's otherwise valid police power measures and those of the State, in which case the latter shall prevail. "Hildebrand v. City of New Orleans, 549 So.2d 1218,1225 (La. 1989), citing City of New Orleans v. State, 364 So.2d 1020,1023 (La. 1978). La. R.S. 33:4862.14 clearing prohibits the imposition by any local governmental entity of "licensing restrictions" on the operation of video draw poker devices. As is discussed below, it is the opinion of this office that the imposition of zoning requirements are "licensing restrictions" and these restrictions are expressly preempted by La. R.S. 33:4862.14.[2]
La. R.S. 33:4862.1 et seq. the "Video Draw Poker Devices Control Law" vests state-wide licensing and regulatory authority in the video gaming division of the gaming enforcement section of the office of state police within the Department of Public Safety and Corrections. La. R.S. 33:4862.1(3) and 33:4862.8. The Louisiana Supreme Court in Polk Reily v. Edwards held that the Video Poker Act, as well as the Casino Act, the Riverboat Gaming Act, and the Cruiseship Gaming Act, were general laws rather than local or special laws. Polk Reily, slip at 15. The Polk Reily court also held that the legislature's authority to regulate gambling constitutes a legitimate exercise of police power stating, "The power to suppress gambling and to determine how, when, where, and in what respects gambling shall be prohibited or permitted has been delegated to the legislature and the legislature alone." Polk Reily, slip at 15 (emphasis added).
In Rollins Environmental Serv. v. Iberville Parish, 371 So.2d 1127
(La. 1979) the Louisiana Supreme Court invalidated an Iberville Parish ordinance banning the disposal of all hazardous waste within the parish finding that federal and state laws preempted the field of hazardous waste regulation and attempts by local government to regulate the disposal of hazardous waste were inconsistent with the State's general law. Id. at 1134. Although the ordinance at issue herein does not ban gaming or legalized gambling outright, the East Baton Rouge, Office of Planning Zoning is attempting to exert veto power over actions of the video gaming division of the state police by the use of zoning classification based solely on the designation "gaming or legalized gambling". The zoning ordinance is an attempt to regulate the placement of video poker machines, in clear conflict with La. R.S. 33:4862.6 and 33:4862.8. In other words, a business licensed by the video gaming division to operate video poker machines could be prevented from placing and operating those machines by the denial of C-G zoning classification. The C-G zoning classification is, in effect, a "licensing restriction" on the operation of video drawer poker devices. This type of local restriction on the State's exercise of its police power was rejected in Rollins Environmental Serv. v. Iberville Parish as inconsistent with State's general law. It is the opinion of this office that the same rationale applies to the referenced zoning ordinance.
In conclusion, it is the opinion of this office that the referenced zoning ordinance is preempted by La. Const. art. VI
§ 9(B) and the "Video Draw Poker Devices Control Law". Please ask for further assistance if this opinion has not adequately addressed your concerns.
Sincerely,
 RICHARD P. IEYOUB Attorney General
BY: NANCY J. GOODWIN Assistant Attorney General NJG:lmb Enclosures
[1] La. Const. art. 6 § 9(B) provides.
"(B) Police Power Not Abridged. Notwithstanding any provision of this Article, the police power of the state shall never be abridged."
[2] The "Video Draw Poker Devices Control Law" specifically prohibits local regulation of gaming, unlike the Code of Governmental Ethics which was examined in Bodet v. Broussard,407 So.2d 810 (La.App. 4th Cir. 1982). The Bodet court found that absent such prohibition a local government may enjoy concurrent jurisdiction in an area regulated by state law.