Dear Mr. Stapleton,
This office is in receipt of your opinion request wherein you question the validity of a recently enacted ordinance of the LaSalle Parish Police Jury prohibiting the roaming at large of livestock. More specifically, you ask whether this newly enacted parish ordinance "overrides" existing state law that allows swine to run at large "in the Little River area north of Catahoula Lake in Grant Parish and LaSalle Parish south of Hwy. 84, in wards 1, 2, 3, and 4 of LaSalle Parish." LSA-R.S. 3:2891.
As you recognize in your request to this office, there are two state statutes relevant to the area specified above, LSA-R.S.3:2803 and LSA-R.S 3:2891. Pertinent to your inquiry, those statutes provide the following:
 LSA-R.S. 3:2803
 No person owning livestock shall knowingly, willfully, or negligently permit his livestock to go at large upon the following public highways of this state:
 * * * * *
 9. U.S. 84 . . . . Texas State Line to Jct. U.S. 71, at Coushatta 10. U.S. 84 . . . Jct. U.S. 71, at Clarence, to Jct. U.S. 65 at Ferriday
 * * * * *
 LSA-R.S. 3:2891
 Except in the . . . . Little River area north of Catahoula Lake in Grant Parish and LaSalle Parish south of Hwy. 84, in wards 1, 2, 3, and 4 of LaSalle Parish . . . . unless a referendum of the people is held to approve it no person owning swine shall knowingly, willfully or negligently permit his swine to run at large upon public property or upon private property of another person.
Thus, under LSA-R.S. 3:2803, swine, as well as all other livestock, are forbidden upon that portion of US Hwy. 84 crossing LaSalle Parish. Additionally, LSA-R.S. 3:2891 creates a statewide prohibition of swine running at large except, where LaSalle Parish is concerned, that area of "Little River north of Catahoula Lake in Grant Parish and LaSalle Parish south of Hwy. 84, in wards 1, 2, 3, and 4 of LaSalle Parish."
In view of the above exception, there appears to be no statutory proscription of swine running at large in the particular area at issue. More importantly, LSA-R.S. 3:2891 makes specific allowances for swine to run at large in that area.
Hence, in passing an ordinance that effectively abrogates state law, the LaSalle Parish Police Jury has usurped the police power of the state and rendered unlawful that which the state has legislated to be lawful.
The Parish of LaSalle is a political subdivision of the State of Louisiana. La. Const. Art. VII, § 44(2) (1974). Police Juries and municipalities are creatures of the state and as such may lawfully exercise only those powers delegated to such political subdivisions by the Louisiana Constitution and statutes. AttorneyGeneral Opinion #90-598 citing Rollins Environmental Services ofLouisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127
(La. 1979); City of New Orleans v. State, 364 So.2d 1020 (La. 1978).
Where the state exercises its police power in law, that law may not be infringed by any subordinate public entity. La. Const. Art.VII, § 9(B), (1974). The police power that inheres in the state as sovereign is organic and not subordinate to any other public body when legislatively asserted. Attorney General Opinion #90-598
citing Board of Commissioners v. Department of Natural Resources,496 So.2d 281 (La. 1986).
In formulating this opinion, the presumption was made that the LaSalle Parish Police Jury enacted the Parish Ordinance at issue pursuant to LSA-R.S. 33:1236(5). LSA-R.S. 33:1236 sets forth the powers of the police jury and other parish governing authorities and provides, in pertinent part,
The police juries and other parish governing authorities shall have the following powers:
 * * * * *
 . . . .; to determine what animals shall not be suffered to rove, and in what cases they may lawfully be killed.
 * * * * *
Clearly, LSA-R.S. 33:1236(5) establishes authority for the various police juries and other governing authorities of the state to regulate in the area of animal control. Inasmuch as LSA-R.S.33:1236(5) is in conflict with LSA-R.S. 3:2891, it is the opinion of this office that LSA-R.S. 3:2891 is controlling as the latest expression of legislative will. Additionally, where a later statute adopted for a particular locality conflicts with general law of state-wide application, the special or local law will supersede the general enactment. Attorney General Opinion #94-497
citing Macon v. Costa, 437 So.2d 806 (La. 1983).
In conclusion, the parish cannot by ordinance declare unlawful that which the state has legislated to be lawful, i.e., the running of swine at large in the "Little River area north of Catahoula Lake in Grant Parish and LaSalle Parish south of Hwy. 84, in wards 1, 2, 3, and 4 of LaSalle Parish." The Parish Ordinance is a prohibited usurpation of state police power and as such, is null and void by reason of it being ultra vires.
We hope this response sufficiently addresses your concerns. If our office may be of further assistance, please feel free to call upon us again.
With kindest personal regards, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ KEVIN L. HANCHEY Assistant Attorney General