Dear Sheriff Stephens:
This office is in receipt of your request for an opinion of the Attorney General in regard to issuance of an occupational license. You state that your office issues occupational licenses in St. Bernard Parish, and it is your policy to refer applicants to the Planning and Zoning Department of the Parish Government for a zoning clearance prior to the issuance of an occupational license. You indicate a private company requested an occupational license and was referred to the Parish Government. The company is to locate their business on property owned by the St. Bernard Port Harbor District, and will operate, in part, for the benefit of the port. The Parish contends that a "conditional use" permit is needed for that portion of the Port's property to be utilized by the business, and in order to secure a "conditional use" permit the Port must apply to the Parish, hold public hearings and an affirmative vote of the Parish is required to obtain the clearance.
You further state that the Port cites Atty. Gen. Op. 98-160 as authority for its position that entities doing business on its property are immune from zoning violations and therefore are not required to obtain zoning clearance from the Parish Government.
We note that R.S. 34:1701 provides that St. Bernard Port, Harbor and Terminal District was created as a political subdivision of the State of Louisiana under Art. 14, § 31 of the Louisiana Constitution of 1921. Additionally, in accordance with R.S. 34:1703, which sets forth the powers of the Board, it shall have the power to regulate structures and facilities necessary and proper for the use and development of the business of such district, "it may lease as lessor, sublessor, or assignor, for processing, manufacturing, commercial and business purposes, lands or buildings owned, acquired or leased as lessee by it."
We find no reason to depart from the conclusions of this office in Atty. Gen. Op. 98-160 which relied upon Lake Charles Harbor Terminalv. Calcasieu Parish Police Jury, 613 So.2d 1031 (La.App. 3rd Cir., 1993) wherein the court recognized Art. 6, Sec. 17 La. Const. grants zoning authority to local governmental subdivisions, but stated as follows:
 Nevertheless, this grant of authority is limited by Article 6, Section 9(B) of the Constitution which provides "notwithstanding any provisions of this Article, the police power of the state shall never be abridged." We recognize the legislature also granted special authority to the Police Jury to provide for zoning in Calcasieu Parish. However, this authority is not unbridled. The State retains superior police power.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 Thus, the State Constitution and statutes only grant zoning authority to parishes when the exercise of such authority does not conflict with the State's power to use and regulate its property in performing governmental functions. In exercising this power, the State has seen fit to incorporate the District and enact LaR.S. 34:207 which provides:
 "The board may make or construct any of the works of public improvement in the district and anything in connection therewith that may be necessary or useful for the business of the board; * * *.
 * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
 We find that the District is an "arm" of the State. Therefore, the police jury's general zoning authority must yield to the District's power and function which emanate wholly from the State. (Emphasis added.)
Moreover, we find this opinion consistent with Atty. Gen. Op. 79-1221 that recognized that R.S. 34:1603 granted to the Twin Parish Port District authority to regulate the commerce and traffic within such port area, have charge of public docks for the port area, and that title to all property and improvements thereon operated by the district shall vest in the Twin Parish Port District. Therein it was observed as follows:
 The Town Council of Delcambre has the right to lease to an individual or incorporated association a portion of the dock on the Delcambre Canal for special purposes and only for period not to exceed five years, but only if title to said dock is not vested in the Twin Parish Port Commission. However, any lease or public dock facilities owned by the Town would be subject to the restrictions and/or regulations of the port commission.
Under the jurisprudence, state law and prior opinions of this office, we must conclude that a business located on property of the St. Bernard Port Harbor District and operating in part for the benefit of the Port does not need a zoning clearance from the Parish Government for an occupational license inasmuch as the St. Bernard Port and Terminal District was created as a political subdivision of the State under Art.14, Sec. 31 of the Louisiana Constitution of 1921 and continued under R.S. 34:1701.
We hope this sufficiently answers your inquiry with regard to the dispute between the Parish Government and the St. Bernard Parish Port Harbor District.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr