Dear Mr Scafidel:
This office is in receipt of your request for an opinion of the Attorney General in regard to the legality of the St. Bernard Parish Council Ordinance SBPC #510-11-01 relative to the authority and jurisdiction of the St. Bernard Port. You state the ordinance seeks to establish rules and regulations regarding wharves, piers, docks, boat slips and other structures in, over, on or along water. You believe this ordinance is in conflict with R.S. 34:1701 et seq. which grants the power to regulate traffic, commerce and to approve plans and specifications for such structures or battues and banks along waterways to the St. Bernard Port.
We note that the ordinance in question provides in part as follows:
INTENT AND PURPOSE
 A. The intent and purpose of this section is to establish an effective regulatory program for permitting the location and construction of wharves, piers, boat slips and other structures in the areas of St. Bernard Parish located outside of the Forty Arpent Levee System over or on waterways or water bodies. This section shall establish the following:
 1. Regulations regarding construction standards and structure location.
2. Permitting requirements.
3. Permit fees
4. Enforcement.
As noted by this office in Atty. Gen. Op. 98-160 in accordance withLake Charles Harbor Terminal District v. Calcassieu Parish PoliceJury, 613 So.2d 1031 (La.App. 3rd Cir, 1993) the legislature has created and incorporated the deep-water port, harbor and terminal district to exercise the state's superior police power over the navigable waterways and their banks and shores and other such state public property statutorily entrusted to it. In this regard we find pursuant to R.S.34:1701 the St. Bernard Port, Harbor and Terminal District is created as a political subdivision of the State, and the territorial limits and jurisdiction shall be the territory within the limits and boundaries of St. Bernard Parish. This statute gives the board of commissioners of the district "complete jurisdiction to regulate all domestic, coastwise, and intercoastal commerce and traffic of said district and all commerce and traffic within the district including cargo bound for and/or in and/or coming out of international commerce where such commerce is conducted by or through a facility wholly owned by the district."
Thereafter, in accordance with R.S. 34:1703, Powers of the board, it provides in part that the board "shall be empowered to own and have charge of, to administer, construct, operate and maintain wharves, warehouses, landings, docks shed, belt and connection railroads, shipways, canals, channels, slips, basins, locks, elevators and other structures and facilities necessary and proper for the use and development of the business of such district, including buildings, storage, equipment for the accommodation of passengers and those used in the handling, storage, transportation and delivery of freight, express and mail." It is further provided therein that riparian owners of property along the banks of navigable waterways within the district may, "with the consent of the board, and in conformity to plans and specifications approved by the board, erect and maintain on the batture or banks owned by them such wharves, buildings, or improvements as may be required for public or private purposes."
It would appear that the ordinance in question, wherein it provides for a regulatory program to control the location and construction of camps, wharves, piers, boat houses, boat slips, and other structures in, over, on or along waterways, their shores, banks or sides in the area of St. Bernard Parish located "outside of the Forty Arpent Levee System" was an attempt to place the regulation outside of the District, but despite this provision this office would have to conclude that the ordinance infringes upon the authority of the Port Commission, being a political subdivision of the State. There is an inconsistency in stating the ordinance is to establish a regulatory program outside of the Forty Arpent Levee System and at the same time state it is to control the construction of "camps, wharves, piers, boat houses, boat slips and other structures over, on or along waterways, their shores, banks or sides." Control of these areas clearly are within the jurisdiction of the St. Bernard Port, Harbor and Terminal District.
We find support for this conclusion by the fact that it is provided in the ordinance that prior to applying for a permit from the Parish, the applicant shall obtain all necessary federal and state permits from the agencies designated therein and includes in the list "the St. Bernard Parish Port Authority".
Moreover, the authority of the District is pertinent wherein R.S.34:1705A(2) provides as follows:
 The board of commissioners of the St. Bernard Port, Harbor and Terminal District shall also have and exercise the powers granted to deep water port commissions pursuant to R.S. 9:1102.1 in all cases where riparian owners of property on navigable rivers, lakes, or streams within said district desire to construct wharves, buildings, or improvements on the batture or banks owned by them, which are designed for and/or used for such commerce and traffic domestic, coastwise, or intercoastal commerce, including cargo bound for and/or in and/or coming out of international commerce where such is conducted by or through a facility owned by the district.
It would seem a possible solution to the problem that the St. Bernard Parish government attempts to remedy may be to enter into a cooperative endeavor with the St. Bernard Port, Harbor and Terminal District. In the regard R.S. 34:1705(B) is pertinent wherein it is provided as follows:
 The board of commissioners of the St. Bernard Port, Harbor and Terminal District shall have the right to enter into any and all contracts and agreements with the Parish of St. Bernard, the board of commissioners of the Port of New Orleans, and any other public subdivisions or authorities relative to any and all matters which lie within the jurisdiction of the district and the board of commissioners thereof.
We hope this sufficiently responds to your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: May 9, 2002